IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**REBECCA BREITENSTEIN**
8347 Dogwood Court
Brookville, Indiana 47012

CASE NO. 1:21-cv-00533

Plaintiff,

(Previous Case No. 1:19-cv-00413)

vs.

(Previous Judge: Susan Dlott)

**ERIC C. DETERS**
5273 Madison Pike
Independence, Kentucky 41051

**ERIC C. DETERS & PARTNERS, P.S.C.**
5273 Madison Pike
Independence, Kentucky 41051

**DETERS LAW**
5247 Madison Pike
Independence, Kentucky 41051

**VARIOUS JOHN DOES AND JANE DOES**
Addresses Unknown

Defendants.

---

## VERIFIED COMPLAINT WITH JURY DEMAND ENDORSED HEREON

---

### JURISDICTION AND VENUE

1. This action is brought by Plaintiff Rebecca Breitenstein who is a citizen of the County of Dearborn, and State of Indiana against Defendants who are citizens of the Commonwealth of Kentucky and do business within Kenton County, Commonwealth of Kentucky.

2. Plaintiff is a resident of Dearborn County, State of Indiana.

3. Defendants principal place of business is Kenton County, Commonwealth of Kentucky.

4. The cause of action herein arose in Hamilton County, State of Ohio. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a) in that diversity of citizenship exists between plaintiff and the defendants and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Venue in this Court is proper pursuant to 28 U.S.C. §1391(a) in that a substantial part of the events giving rise to the claims occurred in the Southern District of Ohio, and the Defendant is a resident of the State of Ohio.

## PARTIES

6. Plaintiff Rebecca Breitenstein is a resident of Dearborn County, State of Indiana, whose mailing address is 8347 Dogwood Court, Brookville, Indiana 47012.

7. Defendant Eric C. Deters, at all times relevant, was a licensed attorney by the State of Ohio Supreme Court, who was employed to practice law with the firm of Eric C. Deters & Partners, P.S.C. and owner of Deters Law, County of Kenton, Commonwealth of Kentucky, whose current principal place of business is located at 5273 Madison Pike, Independence, Kentucky 41051.

8. Defendant Eric C. Deters & Partners, P.S.C., is a law firm, which does business in the State of Ohio and the Commonwealth of Kentucky, whose principal place of business is located at 5273 Madison Pike, Independence, Kentucky 41051.

9. Defendant Deters Law, is a law firm, which does business in the State of Ohio and the Commonwealth of Kentucky, whose principal place of business is located at 5247 Madison Pike, Independence, Kentucky 41051.

## FACTS COMMON TO ALL COUNTS

10. During early 2013, Rebecca Breitenstein engaged Defendant, Eric C. Deters & Partners, P.S.C. as attorneys to represent them before the Hamilton County Court of Common Pleas Civil Division at Cincinnati, Ohio as Plaintiffs in a civil proceeding for medical malpractice and other claims, captioned as Rebecca Breitenstein v. Abubakar Atif Durrani, M.D. and Center for Advanced Spinal Technologies, Inc., Hamilton County Court of Common Pleas Civil Division, Case Number A1302804 on April 11, 2013.

11. Plaintiffs were required by defendants to prepare information for purposes of presenting the prosecution of claims in the complaint for medical negligence of vicarious liability, negligent hiring intentions, credentialing and supervision, battery, fraud and intentional infliction of emotional distress and violation of medical records evidence. As they were seeking damages for past medical bills, future medical bills, lost income and benefits, lost future income and benefits, lost ability to earn income, past pain and suffering, future pain and suffering, loss of consortium and seeking a finding of catastrophic injuries under Ohio Revised Code Section 2315.18, incidental costs and expenses incurred as a result of these injuries and damages as a result of her injuries, loss of consortium, punitive damages, costs of attorney's fees, interest, and all property loss and any other relief to which they may be entitled.

12. During the course of this representation, Defendants failed to prosecute the claims of Plaintiffs before the Hamilton County Court of Common Pleas Civil Division in a timely manner related to the statute of limitations for the State of Ohio medical malpractice and for the statute of repose as related to the State of Ohio for medical claims.

13. Plaintiffs did provide information as requested by Defendant, specifically as to dates of the medical procedures and dates of the patient's physician relationship further provided

additional information to her medical records, past employment, income, loss of position, issues with pain and suffering and subsequent medical treatment.

14. Plaintiffs sought to have Defendants aggressively assert prosecution of their claims of medical negligence by Defendants in a time sensitive manner.

15. Defendants failed to timely submit allegations of claims of misplaced pedicle screws issues on behalf of Plaintiff against Dr. Durrani

16. On May 15, 2013, Defendants in the underlying causes, filed a Notice of Demand for Dismissal and Intention to File Good Faith Motion, based upon the failure to file a Certificate of Merit on this matter.

17. Counsel was given by Order of the Court, an extension time of time in which to file the Affidavit of Merit by June 14, 2013.

18. Plaintiff thereafter failed to file said Affidavit of Merit on said date, as required by the trial court.

19. On June 25, 2013, the Court issued an Entry that it had reviewed the docket and found no such Affidavit of Merit had been filed by June 14, 2013, and dismissed the case and that the matter be stricken from the Court's docket.

20. Subsequently, Defendants sought to amend the Complaint, which was denied at a hearing on August 19, 2013, with the matter being dismissed at a hearing on August 27, 2013.

21. Subsequently, on October 10, 2013, Defendants filed a subsequent lawsuit on behalf of Plaintiffs in the Hamilton County Court of Common Pleas Civil Division under Case Number A1306847, naming the same defendants of the prior action, including allegations of violations of federal and state laws, violations of safe medical device negligence, negligent hiring, retention, credentialing and supervision, battery, fraud, intentional infliction of emotional

distress, loss of consortium and medical expenses, informed consent, Ohio Consumer Sales Protection Act, falsification, altering records and spoliation of evidence.

22. Case Number A1306847 dismissed as to Defendant Christ Hospital Medical Center decision on December 11, 2017, wherein the Court concluded that all medical claims in that matter were barred by the medical claim statute of repose contained in Ohio Revised Code §2305.113 enclosed C.

23. The filed complaints and their amendments concerning the surgery that was performed by Dr. Durrani in February of 2009; but that the surgery had occurred more than four (4) years prior to the suit filed on behalf of their clients against Christ Hospital on September 15, 2014.

24. Subsequently, on March 7, 2018, the trial court determined that the medical claims against Dr. Durrani were barred by reason of medical claims statute of repose. Ohio Revised Code §2305.113 (C).

25. Thereafter, on November 2, 2018, in Case Number A1306847, the motion filed by the Plaintiffs on behalf of the Breitensteins to amend the complaint and impose discovery sanctions was denied and granted the motion for judgment on the pleadings as to Dr. Durrani and the Center for Advanced Spinal Technologies, Inc.

26. Defendants on August 28, 2013, which included Plaintiff's Rebecca Breitenstein in a complaint captioned as Aaron Frida, et al. v. Cincinnati Children's Hospital Medical Center, being Case Number A1305864 in the Hamilton County Court of Common Pleas, subsequently voluntarily dismissed by the Defendants, under Civil Rule 41(A)(1)(a), January 7, 2014.

27. Subsequently, Eric C. Deters and Partners, P.S.C. substituted under the name of Deters Law, a defendant herein, in which Plaintiff had no claims against the defendant.

## FIRST CAUSE OF ACTION

## (LEGAL MALPRACTICE FOR FAILURE TO PROPERLY PROTECT CLAIMS)

28. Plaintiff's reallege paragraphs 1 through 27 as if fully rewritten herein.

29. Defendants failed to prosecute claims of Plaintiff Rebecca Breitenstein. Defendant failed to properly and timely file their claims in the Hamilton County Court of Common Pleas, all to the detriment of the Plaintiff.

30. Defendants, have negligently prosecuted medical negligence claims causing irreparable harm to the Plaintiffs.

31. Plaintiffs have not been compensated for their losses as a direct cause of Defendant's negligence of properly representing Plaintiffs as to their claims of medical negligence in a civil action against opposed defendants.

32. There was more than a casual relationship between the Defendants negligent conduct and the Plaintiff's failure of recovery of their damages, loss of income and assets.

33. Defendant's actions failed to conform to the standard of practice for duty owed to a client similarly situated as required by law.

## SECOND CAUSE OF ACTION

## (LEGAL MALPRACTICE FOR NEGLIGENT HANDLING OF A LEGAL MATTER)

34. Plaintiff realleges paragraphs 1 through 33 as if fully rewritten herein.

35. Defendants failed to use proper diligence in the preparation of the Plaintiff Rebecca Breitenstein before the Hamilton County Court of Common Pleas Civil Division in Case Numbers A1302804, A1305864 and A1306847.

36. The failure to adequately protect the interest of their clients, Plaintiff Rebecca Breitenstein, failed to conform to the standard of practice for duty owed to a client similarly situated, as required by law.

37. There is a direct link between the Defendant's malpractice and the Plaintiffs having not received compensation for their damages, loss of income, pain and suffering and loss of consortium before the Hamilton County Court of Common Pleas Civil Division in Case Numbers A1302804, A1305864 and A1306847.

**WHEREFORE, IT IS PRAYED AND DEMANDED THAT** the Plaintiff's be awarded the following relief:

A. Plaintiff Rebecca Breitenstein be awarded compensatory and special damages from Defendants Eric C. Deters, Eric C. Deters & Partners, P.S.C. and Deters Law first cause of action.

B. Plaintiff Rebecca Breitenstein be awarded compensatory and special damages from Defendants Eric C. Deters, Eric C. Deters & Partners, P.S.C. and Deters Law in the second cause of action.

C. Plaintiff Rebecca Breitenstein be awarded punitive damages from Defendants Eric C. Deters, Eric C. Deters & Partners, P.S.C. and Deters Law in this action.

D. Plaintiff Rebecca Breitenstein recover her damages and all other equity to which she may be entitled.

E. Plaintiff Rebecca Breitenstein be awarded her costs and attorney fees in this matter and interest on any award from the date of the filing of this Complaint.

Respectfully submitted,

THE GREEN LAW FIRM, L.PA., INC.

/s/ F. Harrison Green
F. Harrison Green, Trial Attorney for
Plaintiff Rebecca Breitenstein
Ohio Supreme Court Reg. #0039234
Executive Park, Suite 230
4015 Executive Park Drive
Cincinnati, Ohio 45241
Telephone: (513) 769-0840
Facsimile: (513) 563-2953
Email: fhgreen@fuse.net

## JURY DEMAND

It is the request of Plaintiff Rebecca Breitenstein that this matter be tried before a jury of her peers.

/s/ F. Harrison Green
F. Harrison Green, Trial Attorney for
Plaintiff Rebecca Breitenstein

## VERIFICATION

STATE OF OHIO }
} ss:
COUNTY OF HAMILTON }

I, Rebecca Breitenstein, state that I am authorized in the premises, have read the foregoing Complaint and have further read the pleading. I believe them to be true to the best of my knowledge and belief.

*Rebecca Breitenstein*
REBECCA BREITENSTEIN

Sworn to before me and subscribed in my presence this 18th day of August 2021.

Notary Public

F. HARRISON GREEN, Atty. at Law
Notary Public, State of Ohio
My Comm. has no expiration date
Section 147.03