UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| REBECCA BREITENSTEIN, *Plaintiff*, v. ERIC C. DETERS, et al., *Defendants*. | Case No. 1:21-cv-533 Judge Jeffery P. Hopkins |

## OPINION AND ORDER

Plaintiff Rebecca Breitenstein is among the hundreds of individuals who have sued Abubakar A. Durrani, a spinal surgeon who allegedly performed unnecessary and improper surgeries before absconding to Pakistan. Plaintiff's case against Durrani in state court was dismissed as being time-barred. Now Plaintiff asserts that her counsel in the Durrani case, Eric C. Deters and his law firm, Eric C. Deters & Partners, P.S.C. and Deters Law (the "Law Firm Defendants"), have committed legal malpractice by negligently handling her case and failing to timely bring her claims against Durrani.[1]

Pending before the Court are:

- Defendant Deters' Motion for Summary Judgment (Doc. 16) (the "Summary Judgment Motion");

- The Law Firm Defendants' joinder in the Summary Judgment Motion and their own motion for summary judgment (Doc. 19) (the "Joinder Motion");

---

[1] This Court exercises jurisdiction over these claims under 28 U.S.C. § 1332.

- Plaintiff's motion to stay the Summary Judgment Motion under Rule 56(d) (Doc. 21) (the "Stay Motion")[2] and Defendant Deters' response (Doc. 22);

- Plaintiff's motion for sanctions against Deters and the Law Firm Defendants for failure to appear at a noticed deposition (Doc. 25) (the "Sanctions Motion")[3] and Defendants' response (Doc. 28); and

- Plaintiff's unopposed motion for leave to file an amended complaint (Doc. 29) (the "Motion to Amend").

For the reasons stated below, the Court **GRANTS** the Stay Motion, **DENIES** the Summary Judgment Motion and Joinder Motion, **GRANTS** the Motion to Amend, and **GRANTS** the Sanctions Motion.

A.     **Background and Arguments**

Plaintiff underwent surgery with Dr. Durrani on February 4, 2009. She retained Defendants to represent her in her action against Durrani sometime in early 2013—though the specific timing of that retention is disputed. Defendants filed Plaintiff's suit against Durrani on April 11, 2013. That case was dismissed without prejudice due to a procedural error and refiled in October. *See* Doc. 16, Ex. 1, PageID 85–87 (*Breitenstein v. Durrani*, No. C-180681, slip op. at 2–4 (Ohio Ct. App. 1st Dist. Nov. 25, 2020)). The Hamilton County Court of Common Pleas ultimately dismissed the second action, finding Plaintiff's claims were barred by the four-year statute of repose for medical malpractice claims, Ohio Rev. Code § 2305.113(C). *Id.* at PageID 85. The Ohio First District Court of Appeals affirmed the dismissal, and the Ohio Supreme Court declined to hear an appeal. *See id.* at PageID 74, 85.

---

[2] The Stay Motion was first filed at Doc. 17, along with Plaintiff's affidavit at Doc. 18, on March 23, 2022. The next day, the Clerk's Office entered a Notice of Non-Compliance with Local Rule 5.1(c), which requires filings to be text-searchable. *See* Doc. 20. The Stay Motion and affidavit were refiled in compliance with the rule at Doc. 21. The Court accordingly deems the version at Doc. 17 to be moot and will instead refer and cite to the text-searchable version at Doc. 21.

[3] As with the Stay Motion, the Sanctions Motion was originally filed at Doc. 23 but was re-filed in compliance with Local Rule 5.1(c) at Doc. 25. The Court will refer and cite to the text-searchable version at Doc. 25 and deem the version at Doc. 23 moot.

2

In this legal malpractice action, the Honorable Matthew W. McFarland—the judicial officer previously assigned to this case—held a preliminary pretrial conference on February 10, 2022, at which the Court established a discovery deadline at the end of 2022. *See* Doc. 10. A week after the pretrial conference, Defendant Deters conducted Plaintiff's deposition. Plaintiff in turn served discovery requests upon Defendants on March 10, 2022. *See* Doc. 15. Less than a week later, Defendant Deters filed the Summary Judgment Motion, soon followed by the Law Firm Defendants' Joinder Motion.

In the Summary Judgment Motion, Defendant Deters asserts that he is entitled to judgment as a matter of law because Plaintiff did not retain him until February 27, 2013—*after* the statute of repose and statute of limitations applicable to her claims had expired. On top of joining Defendant Deters' motion, the Law Firm Defendants argue that a law firm cannot be directly liable for legal malpractice, nor can they be vicariously liable for malpractice unless their attorney is first held directly liable. In her Stay Motion, Plaintiff argues that the Summary Judgment Motion should be stayed as premature under Rule 56(d) because the parties have not yet had an opportunity to conduct the discovery necessary to address factual matters at issue in the case. In particular, Plaintiff asserts that she met with Defendants and their employees on January 22, 2013—i.e., *within* four years of her surgery. Defendant Deters counters that Plaintiff's "self-serving" affidavit cannot overcome summary judgment and that Plaintiff has failed to meet the standards to stay under Rule 56(d).

While the Summary Judgment Motion, Joinder Motion, and Stay Motion were pending, Plaintiff filed the Motion for Sanctions. According to Plaintiff, in early May 2022 her counsel tried to arrange a date for Defendant Deters' deposition on behalf of the Law Firm Defendants. Plaintiff eventually noticed a deposition of Defendant Deters on May 19,

3

2022, to take place on June 15, 2022. Two days before the deposition date, Defendant Deters emailed counsel for Plaintiff advising he would not be attending the deposition. No motion for protective order was filed. After Defendant Deters failed to appear for the noticed deposition, Plaintiff filed the Sanctions Motion, seeking $1,278 in attorneys' fees and expenses for the court reporter. Defendants assert their counsel, Glenn Feagan, did not receive the deposition notice and that Defendant Deters was unavailable on the date and time selected.

In August 2022, Plaintiff filed the Motion to Amend, seeking leave to amend her complaint to plead additional facts and causes of action. Specifically, Plaintiff seeks to assert claims of invasion of privacy and libel against Defendant Deters, arising from the publication of his book *The Butcher of Pakistan*, which allegedly recounts several of Defendants' clients' trials against Durrani—including Plaintiff's. Defendants have not opposed the Motion to Amend and the time to do so has long passed.

**B.    Analysis**

    **1.    Summary Judgment, Joinder, and Stay Motions**

Plaintiff seeks to stay a ruling on the Summary Judgment Motion (and presumably, by extension, on the Joinder Motion) under Federal Rules of Civil Procedure 56(d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>     (1) defer considering the motion or deny it;
>
>     (2) allow time to obtain affidavits or declarations or to take discovery; or
>
>     (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

4

"The purpose behind Rule 56(d) is to ensure that plaintiffs receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)). The party "invoking the protections of Rule 56(d) must do so in good faith by affirmatively demonstrating how postponement of a ruling on the motion will enable him to rebut the movant's showing of the absence of a genuine issue of material fact." *Id.* (quoting *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014)) (cleaned up).

Certainly, "[t]he party opposing a motion for summary judgment . . . possesses no absolute right to additional time for discovery under Rule 56." *Id.* (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989)). And a court "does not abuse its discretion in denying discovery when the discovery requested would be irrelevant to the underlying issue to be decided." *Id.* (quoting *In re Bayer Healthcare & Merial Ltd. Flea Control Prods. Mktg. & Sales Practice Litig.*, 752 F.3d 1065, 1074 (6th Cir. 2014)). Still, the Sixth Circuit "has cited approvingly other circuits' view that 'a motion requesting time for additional discovery should be granted almost as a matter of course unless the [party seeking discovery] has not diligently pursued discovery of the evidence.'" *Id.* at 490–91 (quoting *E.M.A.*, 767 F.3d at 623 n.7) (cleaned up).

If the party opposing summary judgment provides an adequate declaration or affidavit, thereby clearing the procedural hurdle of Rule 56(d), the court must then consider these five factors (the "*Plott* factors") in deciding whether to permit additional discovery:

> (1) when the [party seeking discovery] learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery has the potential to change the ruling at issue; (3) how long the discovery period had lasted; (4) whether the [party

5

>seeking discovery] was dilatory in its discovery efforts; and (5) whether the party moving for summary judgment was responsive to discovery requests.

*Schobert v. CSX Transp. Inc.*, 504 F. Supp. 3d 753, 802 (S.D. Ohio 2020) (citing *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196–97 (6th Cir. 1995)); *see also Doe*, 928 F.3d at 491. Although courts are to consider all the factors, the fourth factor—whether the party opposing summary judgment was dilatory or diligent in discovery—is the "main inquiry." *Doe*, 928 F.3d at 491 (citation omitted).

Plaintiff's Stay Motion and accompanying affidavit make clear that Plaintiff needs, at the very least, discovery on *when* she first met with Defendants and what information had been communicated to Defendants at that time. Defendant Deters rests his Summary Judgment Motion on the fact that by the time she retained him on February 27, 2013, Plaintiff's claims were time-barred. But Plaintiff disputes this timeline, suggesting that Defendants had been retained earlier and that, had the attorneys been diligent, they could have filed her lawsuit before the four-year repose period lapsed on or about February 4, 2013. Defendant Deters argues that Plaintiff has provided no more than a self-serving affidavit (which is not quite true, given that she also attaches a copy of her calendar)—but at this stage, that only highlights the need for discovery on this point. The Court finds that Plaintiff has met her initial Rule 56(d) burden.

In assessing the *Plott* factors, the Court determines that Plaintiff should be entitled to engage in further discovery. Discovery was in its nascent stages when the Summary Judgment Motion was filed—only about one month after the preliminary pretrial conference and one week after Plaintiff served Defendants with her first set of requests for admissions, interrogatories, and production of documents. *See* Doc. 15. Indeed, when Defendants sought

6

summary judgment, it does not appear as though Plaintiff had received *any* discovery. *See* Doc. 21 (Stay Motion) at PageID 228 (noting that Defendant Deters filed the Summary Judgment Motion "without responding to Plaintiff's discovery requests"). And as noted, at least some of the discovery Plaintiff wishes to obtain relates to when Defendants were retained to file suit on her behalf—the very factual basis on which Defendant Deters rests his Summary Judgment Motion. Accordingly, the desired discovery has the potential to change any ruling the Court issues.

In short, "[t]his is not . . . a case in which there were 'ample opportunities for parties to conduct discovery beforehand' or where 'the need for additional information is attributable to the party's own lack of diligence during the discovery period.'" *Wilson v. Ebony Constr. LLC*, No. 2:17-CV-1071, 2018 WL 4743063, at *6 (S.D. Ohio Oct. 2, 2018) (quoting *Peltier v. Macomb Cty., Mich.*, No. 10-CV-10796, 2011 WL 3320743, at *2 (E.D. Mich. Aug. 2, 2011)). Plaintiff timely sought—and was denied—discovery here. "At this early juncture, the Court is wary to put the proverbial cart before the horse and rule on [Defendants'] summary judgment motion[s]" when so little discovery has been completed. *Id.* at *5.

The Court therefore finds it appropriate to grant Plaintiff's Stay Motion to permit the parties to engage in discovery. The Court will accordingly deny without prejudice the Summary Judgment Motion and Joinder Motion. Defendants may renew their motions once discovery has completed (or before, with leave of Court).[4] By separate notice, the Court will reconvene a pretrial conference to establish a new calendar for the case.

---

[4] *See* Hon. Jeffery P. Hopkins' Standing Order Governing Civil Cases, https://www.ohsd.uscourts.gov/FPHopkins ("Motions for summary judgment shall not be filed before the close of discovery without leave of Court").

7

**2. Sanctions Motion**

Plaintiff seeks sanctions for Defendant Deters' failure to appear at a deposition scheduled for June 15, 2022 and noticed about four weeks in advance. Plaintiff's counsel seeks $78 in costs for the court reporter and $1,200 in attorneys' fees, representing the three hours set aside to take the deposition at a rate of $400 per hour. Defendants argue sanctions should be denied because counsel for the Law Firm Defendants "never received a copy of the Notice of Deposition" and "[t]he date [Plaintiff's counsel] picked unilaterally did not work with Eric Deters' schedule." Doc. 28 at PageID 280.

According to the exhibits attached to the Sanctions Motion, Defendant Deters sent an email with the subject line "Notice of Deposition" to Plaintiff's counsel two days before the scheduled deposition, stating: "You failed to contact our office, Glenn, me or Loretta about this date and time. I'm not available. The lack of common courtesy is amazing. Loretta, work with him on a date that works." Plaintiff's counsel promptly responded: "The Notice of Deposition was sent to Mr. Feagan and you on May 19, 2022. Your prior failures to provide dates for the taking of your depositions was met with no response. You have been previously noticed with sufficient time for a defendant. You are to be available at this office at 10 AM on June 15, 2022." A few hours later, Defendant Deters replied merely: "Not happening." Doc. 25, Ex. B at PageID 266–267. On the day of the deposition, neither Defendant Deters nor counsel for the Law Firm Defendants appeared. The transcript of the deposition does not indicate how long Plaintiff's counsel waited. *See* Doc. 25, Ex. C.

Under Federal Rule of Civil Procedure 37(d), the Court may order sanctions if "a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's

8

deposition." Fed. R. Civ. P. 37(d)(1)(A). In addition to other potential sanctions, the Court must order the sanctioned party to "pay the reasonable expenses, including attorney's fees, caused by the failure [to appear], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The disobedient party bears the burden of showing substantial justification or other circumstances that merit denying sanctions. *Taylor v. Hart*, No. C-1-02-446, 2007 WL 869721, at *1 (S.D. Ohio Mar. 20, 2007) ("The provision places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust." (quoting *General Env't Sci. Corp. v. Horsfall,* Nos. 92-4110 to 92-4114, 1994 WL 228256, at * 14 (6th Cir. May 25, 1994))).

Plaintiff sent the notice of deposition to both Mr. Feagan, who has entered an appearance for all Defendants, *see* Doc. 8, and to Defendant Deters, who is also representing himself, *see* Doc. 14. The certificate of service is dated May 19, 2022—about four weeks before the June 15 deposition date. Although Defendant Deters asserts that Mr. Feagan did not receive the deposition notice, he never alleges that he himself did not receive it. Indeed, the evidence submitted shows that Defendant Deters knew of the deposition at least two days before. No motion for protective order was filed,[5] nor is there any indication that Deters' employee who was directed to "work with [Plaintiff's counsel] on a date that works" ever did so. Vague assertions without any explanation that Defendant Deters was "not available" and that Plaintiff's counsel should have been more cooperative in scheduling do not constitute

---

[5] The Court notes, however, that while a protective order may be necessary, it "is not alone sufficient." *EMW Women's Surgical Ctr., P.S.C. v. Friedlander*, 978 F.3d 418, 447 (6th Cir. 2020) ("[H]aving a pending protective order is merely a necessary condition for excusing a party's failure to appear. It is not alone sufficient."), *abrogated on other grounds by Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022).

substantial justification "or other circumstances mak[ing] an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Accordingly, the Court finds sanctions to be appropriate and that granting a reasonable award of expenses and fees would not be unjust.

The Court will not, however, award Plaintiff's counsel the entire amount sought. District courts are given broad discretion to determine the appropriate amount of sanctions to impose. *See Spizizen v. Nat'l City Corp.*, 516 F. App'x 426, 431 (6th Cir. 2013) (holding that district court enjoys discretion under Rule 37 in deciding whether to award sanctions and in what amount); *cf. Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 376 (6th Cir. 1996) (stating, in context of award of Rule 11 sanctions, "a district court is given 'wide discretion' in deciding the amount of sanctions to impose"). And in determining reasonable attorneys' fees under Rule 37, courts typically employ the "lodestar method"—that is, the calculation of hours reasonably expended multiplied by a reasonable rate. *See Watkins & Son Pet Supplies v. Iams Co.*, 197 F. Supp. 2d 1030, 1032–33 (S.D. Ohio 2002) (citing cases). The Court finds (and Defendants did not contest) that Plaintiff's counsel's rate of $400 per hour is reasonable, but the time allegedly expended is not. Though Plaintiff's counsel may have "set aside" three hours for the deposition, there is no sign that he actually spent that time (or if he did, that it would have been reasonable) waiting for Defendant Deters or Mr. Feagan or trying to secure their appearance—especially when he had been told in advance that they declined to appear. The Court accordingly finds that one hour would be more reasonable, and orders Defendant Deters[6] to pay Plaintiff an award of $478, representing $400 in attorneys' fees and $78 in expenses.

---

[6] Rule 37(d) permits the Court to sanction the party, the party's attorney, or both. Given that the notice of deposition was directed at Defendant Deters, that Defendant Deters has also largely represented himself during these proceedings, and that Mr. Feagan is the only one who allegedly did not receive notice, the Court opts to assess the sanction against Defendant Deters only.

### 3. Motion to Amend

Under Federal Rule of Civil Procedure 15, leave to amend pleadings should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule encompasses a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (quoting *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Given the early stages of this proceeding, the proposed new causes of action which only arose after the initial pleadings, and Defendants' lack of opposition, the Court finds good cause to grant the Motion to Amend.

### C. Conclusion

For the reasons stated above, it is **ORDERED** that the Stay Motion (Doc. 21) is **GRANTED**, that the Summary Judgment and Joinder Motions (Docs. 16 & 19) are **DENIED**, and that the unopposed Motion to Amend (Doc. 29) is **GRANTED**. The Clerk is **DIRECTED** to docket Doc. 29-1 as the Amended Complaint. Under Fed. R. Civ. P. 15(a)(3), the Court orders that Defendants shall have **21 days** after the date of entry of this Order to file a responsive pleading to the Amended Complaint.

It is **FURTHER ORDERED** that the Sanctions Motion (Doc. 25) is **GRANTED**. Plaintiff is awarded $400 in attorneys' fees and $78 in costs, for a total award of **$478**. Defendant Eric Deters shall pay that amount within **28 days** of the date of entry of this Order.

The Court will schedule this matter for a pretrial conference by separate notice.

**IT IS SO ORDERED.**

Dated:  September 20, 2023

*Jeffery P. Hopkins*
Hon. Jeffery P. Hopkins
United States District Judge