IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| REBECCA BREITENSTEIN, | : |
| *Plaintiff*, | : |
| v. | : Case No. 1:21-cv-00533-JPH |
| ERIC C. DETERS, *et al.*, | : Judge Jeffery P. Hopkins |
| *Defendants*. | : |

**ORDER RE: MOTION FOR ADDITONAL SANCTIONS AND TO SHOW CAUSE WHY ERIC C. DETERS SHOULD NOT BE HELD IN CONTEMPT OF COURT**

On June 30, 2022, Plaintiff Rebecca Breitenstein moved for sanctions under Fed. R. Civ. P. 37(d) against Defendant Eric C. Deters for failing to appear at a properly noticed deposition. Doc. 25. This Court granted Plaintiff's motion on September 20, 2023 and ordered Deters to pay Plaintiff an award of $478.00 for time and expense wasted resulting from his failure to appear at the deposition. Doc. 31, PageID 308. The Court ordered Deters to pay this amount by October 11, 2023. *Id.* at PageID 309. That deadline has come and gone, and Deters has yet to comply with this Court's September 20, 2023 Order (the "2023 Order"). Doc. 35-1, PageID 337. On January 3, 2024, Plaintiff again moved for sanctions under Fed. R. Civ. P. 37 against Deters (the "Motion"). Doc. 35.  Plaintiff asks the Court to enforce the 2023 Order and to issue further sanctions against Deters for failing to abide by the previous order. Doc. 35. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

      I.      **LEGAL STANDARD**

Rule 37 of the Federal Rules of Civil Procedure governs this Court's broad authority to impose monetary sanctions on a party for failing to comply with a court order. *See* Fed. R.

1

Civ. P. 37. If a party disregards a court order, courts are mandated to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The rule affords district courts with broad discretion in deciding whether to issue monetary sanctions and in what amount. *See Spizizen v. Nat'l City Corp.*, 516 F. App'x 426, 431 (6th Cir. 2013). Courts also enjoy broad discretion in determining what constitutes a reasonable hourly rate for a concomitant award of attorney's fees. *Jackson v. Reliance Constr. Servs., LLC*, 1:20-cv-799, 2023 WL 4933269 (S.D. Ohio Aug. 2, 2023) (citing *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997)).

In addition to awarding monetary sanctions, courts may also hold a party in contempt of court for failing to obey a lawful court order. The court's power to enforce its orders "'is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law.'" *Elec. Workers Pension Tr. Fund of Loc. Union |58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911)). Judicial sanctions in civil contempt proceedings may thus "be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947).

Rule 37 similarly governs courts' broad authority to hold a party in contempt of court for failing to comply with a court order. *See* Fed. R. Civ. P. 37. Under that rule, a court has an "inherent authority to assure compliance with its orders through civil contempt." *Decker Constr. Co. v. Wesex Corp.*, No. 2:18-cv-727, 2020 WL 57230, at *2 (S.D. Ohio Jan. 6, 2020)

(citing *S.E.C. v. Dollar Gen. Corp.*, 378 Fed. Appx. 511, 516 (6th Cir. 2010)); *see also* Fed. R. Civ. P. 37(b)(2)(A)(vii) (permitting a court to hold in contempt a party—or the party's officer, director, or managing agent—if the party fails to comply with a court order, such as by failing to appear for a deposition); *ME2 Prods., Inc. v. Wall*, No. 2:17-cv-759, 2018 WL 1192955, at *4 (S.D. Ohio Mar. 8, 2018) (holding a plaintiff in civil contempt *sua sponte* for failing to comply with a court order).

A party who has disobeyed a court order may be held in civil contempt if it is shown, by clear and convincing evidence, that the party "violated a definite and specific order of the court requiring [him] to perform . . . a particular act or acts with knowledge of the court's order." *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987) (quotation omitted). Once a prima facie case of contempt is established, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003). To satisfy this burden, "a defendant must show categorically and in detail why he or she is unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quotation omitted). The court must also assess whether the defendant "'took all reasonable steps within [its] power to comply with the court's order.'" *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quoting *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989)).

## II.     ANALYSIS

Here, this Court has already imposed sanctions against Deters for failing to appear at the properly noticed June 15, 2022 deposition. *See* Doc. 31. This Court previously ordered Deters to pay those sanctions within twenty-eight (28) days of its September 20, 2023 Order. *Id.* at PageID 309. In an apparent disregard of this Court's 2023 Order, Deters has yet to pay

3

those sanctions. Doc. 35-1, PageID 337. In further disregard of the 2023 Order, Deters has not even attempted to justify his failure to pay, let alone explain why he was "unable to comply" with the 2023 Order. *Rolex Watch*, 74 F.3d at 720. In fact, Deters has filed no response to Plaintiff's Motion, and the deadline has long since passed. Under these circumstances, additional sanctions are warranted because Deters has failed to comply with a direct order of this Court. *See* Fed. R. Civ. P. 37(b)(2)(C).

On top of the $478.00 initially awarded to Plaintiff in this Court's 2023 Order, Plaintiff requests an additional $500.00 in sanctions for fees and costs incurred resulting from the filing of the instant Motion. Doc. 35, PageID 335. Plaintiff's attorney states that he has spent one (1) hour preparing the Motion. Doc. 35-1, PageID 337–38. The Court finds that both the time spent preparing this Motion and the fees and costs incurred being reported are reasonable.

### III. DISPOSITION

Thus, Plaintiff's Motion for Sanctions (Doc. 35) is **GRANTED**. The Court agrees with Plaintiff that payment of additional $500 in monetary sanctions is appropriate here, as Deters has blatantly disregarded this Court's previous order without justification. Deters is therefore **ORDERED** to pay Plaintiff $978.00 (in total) **within twenty-eight (28) days** from the entry of this Order, which represents the hours spent multiplied by the reasonable rate for the attorney's fees charged on this matter, plus any related costs that Plaintiff has incurred.

**IT IS FURTHER ORDERED** that Deters shall appear before this Court on **June 4, 2025 at 10:00 a.m.** to **SHOW CAUSE** why he should not be held in civil contempt for failing to obey and comply with this Court order(s). *See, e.g.*, *Somberg v. McDonald*, 117 F.4th 375, 378 (6th Cir. 2024) ("[C]ourts have the authority to hold [a party] in contempt *sua sponte* by issuing a show cause order"); *see also United States v. Thompson*, No. 2:15-cr-00081, 2022 WL

4

4182364, at *1 (S.D. Ohio Sept. 13, 2022) (setting a compliance hearing *sua sponte* to "evaluate [a defendant's] ability and willingness to purge himself of civil contempt").

At said hearing, the Court may impose additional sanctions against Deters, including but not limited to an additional award of monetary relief in favor of Plaintiff, entry of judgment against Deters on the merits, and jail time for Deters until he remedies any civil contempt determined to exist. The parties may, but are not required to, file a written response to this Order no later than **SEVEN (7) days** before the hearing on this matter. *See U.S. v. Thompson*, No. 2:15-cr-00081, 2025 WL 353911 (S.D. Ohio Jan. 31, 2025) (Marbley, J.) ("[A] district court's] decision concerning whether to hold a party in contempt is within its sound discretion."); *Gascho v. Global Fitness Holdings, LLC*, 875 F.3d 797, 800 (6th Cir. 2017).

**IT IS SO ORDERED.**

March 25, 2025

Jeffery P. Hopkins
United States District Judge