IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| REBECCA BREITENSTEIN, | : |
| *Plaintiff*, | : Case No. 1:21-cv-533 |
| v. | : Judge Jeffery P. Hopkins |
| ERIC DETERS, *et al.*, | : |
| *Defendants*. | : |

# OPINION AND ORDER

This matter is one of several cases in this district arising from Eric Deters' representation of patients harmed by Abubakar Atiq Durrani, a former spine surgeon operating at hospitals in the Cincinnati area. In this action, Rebecca Breitenstein, a former patient of Dr. Durrani, has sued Deters for legal malpractice as well as libel-related torts. The legal malpractice claim arises from Deters's failure to file a medical malpractice action against Durrani prior to the expiration of Ohio's statute of repose for Ms. Breitenstein's medical malpractice claims. The libel-related claims arise from Deters's publication of a book about his representation of patients of Durrani—entitled "The Butcher of Pakistan"—that allegedly included private information about Ms. Breitenstein that Deters obtained in the course of representing her.[1]

Currently before the Court are two motions filed by Plaintiff Breitenstein: (1) a Motion for Summary Judgment, Doc. 42, and (2) a Motion to Compel Discovery, Doc. 52.

---

[1] In relevant portion, Rule 1.6 of the Ohio Rules of Professional Conduct states that "[a] lawyer shall not reveal information relating to representation of a client . . . unless the client gives *informed consent*, the disclosure is impliedly authorized in order to carry out the representation . . ." or the disclosure is otherwise permitted.

Defendants did not respond to Plaintiff's Motion for Summary Judgment (Doc. 42), but they did file proposed undisputed facts (Doc. 45). Defendant Eric Deters filed a Response (Doc. 53) to Breitenstein's Motion to Compel.

The Motion for Summary Judgment (Doc. 42) will be **DENIED** for the reasons stated herein. The Motion to Compel Discovery (Doc. 52) will be **GRANTED**.[2]

## I.  LEGAL STANDARD

Plaintiff Breitenstein is entitled to summary judgment if, viewing the facts in the light most favorable to Mr. Deters, "no genuine dispute of material fact exists" and she is "entitled to judgment as a matter of law." *Grand Traverse Band of Ottawa & Chippewa Indians v. Blue Cross Blue Shield*, 196 F.4th 496, 505 (6th Cir. 2025) (*citing* Fed. R. Civ. P. 56(a) *and Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986)). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' . . . The movant bears the initial burden of showing no dispute of material fact. . . . If successful, the burden shifts to the non-movant to present facts showing a genuine issue exists for trial." *Id.* (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) *and citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Because movant bears the burden of showing there is no genuine dispute of material fact, a court may not grant a motion for summary judgment solely because the motion is uncontested. Instead, the Court must "consider[] supporting evidence and determine[e] whether the movant has met [her] burden." *Byrne v. CSX Transp., Inc.*, 541 F.App'x 672, 675 (6th Cir. 2013). *See also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F.App'x 374, 381 (6th

---

[2] Because the instant order resolves Plaintiff's Motion for Summary Judgment (Doc. 42), oral argument on that motion is unnecessary. Accordingly, Plaintiff's Motion for Oral Argument (Doc. 54) is also **DENIED**.

2

Cir. 2011) ("[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded.") (citation omitted).

## II. LAW AND ANALYSIS

### A. Motion for Summary Judgment (Doc. 42)

Plaintiff Breitenstein seeks summary judgment on all claims in her Complaint. The Court will address each claim in order.

#### 1. Legal malpractice

To prove her legal malpractice claim, Breitenstein must establish the following elements: "(1) an attorney-client relationship, (2) professional duty arising from that relationship, (3) breach of that duty, (4) proximate cause, and (5) damages." *Andolsek v. Burke*, 2014-Ohio-3501, ¶ 20 (8th Dist. 2014). The causation element is important here; to prevail, a legal malpractice plaintiff must establish "a causal connection between the lawyer's failure to perform and the resulting damage or loss." *Id.* ¶ 21.[3] Further, "[e]xpert testimony is required to sustain a claim of legal malpractice, except where the alleged errors are so simple and obvious that it is not necessary for an expert's testimony to demonstrate the breach of the attorney's standard of care." *Id.* ¶ 22.

Breitenstein asserts that she has established these elements because the evidence shows that Defendants "failed to properly and timely file Ms. Breitenstein and her husband's claims," then "failed to timely submit an affidavit of merit." Doc. 42, PageID 360–61. As a result, "Plaintiff's case was dismissed solely due to procedural defects and was not decided on the merits." *Id.* at PageID 361. Here, Breitenstein presents no expert testimony regarding

---

[3] This does not mean that a plaintiff must always prove he or she would have prevailed in the underlying case. *See Vahila v. Hall*, 77 Ohio St. 3d 421, 426 (1997).

the standard of care. Rather, she asserts that such testimony is not necessary because Defendants' failure to comply with the relevant standard of care is obvious. *Id.* at PageID 360.

While Defendants failed to file a response to Breitenstein's motion, in their proposed undisputed facts (Doc. 45) they contest certain representations she made. In that document, Defendants assert that the filing of the complaint beyond the applicable statute of repose was not the reason Breitenstein's claim failed, because Ohio's one-year statute of limitations for medical claims had expired long before Breitenstein contacted Defendants. Doc. 45, ¶ 22. They assert that it was Breitenstein's own delay in hiring counsel that caused her claims to be dismissed, not their waiting to file her complaint. *Id.* ¶ 21. For this argument, Defendants point to Breitenstein's deposition testimony, which they contend shows she was aware of problems arising from the surgery soon afterward, meaning the one-year statute of limitations began to run at that time. *Id.* ¶ 36 (citing Breitenstein Dep., Doc. 16-3, 16:12–23). Additionally, Defendants claim that Breitenstein formally retained Deters on February 27, 2013, following the expiration of the statute of repose. *Id.* ¶¶ 1, 4. (Breitenstein, however, contends that she first met with Deters on January 21, 2013, and in that meeting he agreed to represent her. Doc. 42-1, ¶¶ 2–3.)

The Court concludes that on the very limited factual record presented, Breitenstein has not established, to this Court's satisfaction, that she is "entitled to judgment as a matter of law." *Grand Traverse Band of Ottawa & Chippewa Indians*, 146 F.4th at 505. At a minimum, there are, at this stage of the litigation, genuine issues of fact as to elements (4) and (5) identified above: causation and damages. Breitenstein's motion includes sparse record citations, and those citations are only to Breitenstein's deposition, Deters' deposition, and court filings in the underlying cases in the Court of Commons Pleas for Hamilton County,

Ohio. Barring extraordinary circumstances not present here, this is not the kind of factual record that can support a plaintiff's motion for summary judgment on a legal malpractice claim. Further, the record evidence conflicts on certain key points, most important of which is the date on which Deters agreed to represent Breitenstein.[4] Accordingly, Breitenstein has failed to establish that there is "no genuine dispute as to any material fact," Fed. R. Civ. P. 56(a), on her legal malpractice claim.[5]

## 2. Libel-related torts

Plaintiff also moves for summary judgment on her three libel-related tort claims against Deters: for invasion of privacy, libel, and publication of her personal information without permission. Doc. 42, PageID 362–67.

These claims arise from the following sentence appearing in Deters's book, *The Butcher of Pakistan*, published in 2022 about his representation of the Durrani patients:

> Lee Greiner, at my request, performed surgery for Becky Breitenstein for free. A screw Durrani place [sic] was lodged near aorta. At any time, it could puncture the aorta and she could bleed out. Becky never had the or insurance [sic] to pay for the surgery Greiner did for me.

Doc. 32, ¶ 30 (quoting Eric Deters, *The Butcher of Pakistan* (2022)).

<u>Invasion of privacy</u>

Ohio recognizes an invasion of privacy tort for "publication of one's private affairs with which the public has no legitimate concern." *Wilson v. Harvey*, 164 Ohio App. 3d 278, 289 (8th Dist. 2005). To prevail on such a tort claim, Breitenstein must establish that the

---

[4] As noted, Breitenstein contends Deters agreed to represent her on January 21, 2013. *See* Doc. 42-1, ¶¶ 2–3. However, Deters has produced a representation agreement signed by Ms. Breitenstein on February 27, 2013. *See* Doc. 16-4.

[5] Breitenstein also contends, as a separate basis for summary judgment, that Defendants negligently handled her case. Doc. 42, PageID 361–62. This argument suffers from the same infirmities identified above—there are, at a minimum, genuine issues of fact as to causation and damages.

publication of the above-quoted sentence in Deters's book: "(1) was a public disclosure; (2) disclosed facts concerning [Breitenstein's] private life; (3) publicized a matter that would be highly offensive and objectionable to a reasonable person of ordinary sensibilities; (4) was intentional; and (5) is not a legitimate concern to the public." *Id.*

Further, a claim for invasion of privacy will only lie where the publication of private affairs is done "in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Smith v. Greystone Alliance LLC*, No. 1:14-cv-722, 2015 U.S. Dist. LEXIS 119130, *5 (N.D. Ohio Sept. 8, 2015) (quoting *Howard v. City Loan & Sav. Co.*, 31 Ohio App. 3d 193, 195 (2d Dist. 1986)).

There is no dispute that there was an intentional public disclosure, so elements (1) and (4) identified above are satisfied. As to the other three elements, Breitenstein asserts that "the matter is not a legitimate public concern," "the disclosure has been highly offensive and objectionable to [her] as it pertains to her health and it pictured her as financially weak," and "[n]o reasonable person of ordinary sensibilities could find it inoffensive or unobjectionable." Doc. 42, PageID 363.

Unlike Breitenstein's legal malpractice claim, Defendants have not substantively responded to her libel-related tort claims anywhere in the pleadings in this case. As noted, Defendants did not respond to the instant summary judgment motion. Additionally, Deters's Motion for Summary Judgment (Doc. 16) does not address these claims, nor do Defendants' proposed undisputed facts (Doc. 45). Nonetheless, Breitenstein is not entitled to summary judgment unless she establishes that no reasonable jury could find for Deters on these claims. *See Byrne v. CSX Transp., Inc.*, 541 F.App'x 672, 675 (6th Cir. 2013).

6

The Court concludes that Breitenstein has not met her burden to show there is no genuine dispute of fact and she is entitled to relief on her invasion of privacy tort claim. The Court notes that the details of Breitenstein's treatment with Durrani were first made public in her lawsuit against Durrani and Christ Hospital—accordingly, she authorized public disclosure of some of her medical information related to this incident. As to the specific details mentioned, including that Lee Greiner performed a surgery for Breitenstein "for free" that she could not afford, the Court concludes there remain genuine issues of fact as to whether it caused her "outrage[,] . . . mental suffering, shame or humiliation." *Howard*, 31 Ohio App. 3d at 195. Breitenstein provided an affidavit stating that Deters "caused her to suffer embarrassment and emotional distress as a result of his conduct," Doc. 42-1, ¶ 13, but did not provide further detail regarding the severity of the distress she suffered, or whether that distress was caused by the publication of Deters's book, specifically, or his other conduct in the years after she retained him as her lawyer.[6] Accordingly, Breitenstein is not entitled to summary judgment on this claim. *See Smith v. Greystone Alliance LLC*, 2015 U.S. Dist. LEXIS 119130, *5 (N.D. Ohio Sept. 8, 2015) (denying unopposed motion for summary judgment on tort claim for invasion of privacy under Ohio law, and finding that plaintiff's declaration that he was "angered and annoyed" did not show the requisite "outrage, mental suffering, shame or humiliation.").

Libel

"In Ohio, libel is defined as a false and malicious publication made with the intent to injure a person's reputation or expose him to public hatred, contempt, ridicule, shame or

---

[6] In Breitenstein's deposition, which was taken by Deters, Deters did not ask about her response to publication of his book. *See* Doc. 16-3.

disgrace, or to affect him adversely in his trade or profession." *Thomas H. Maloney & Sons, Inc. v. E. W. Scripps Co.*, 43 Ohio App. 2d 105, 107 (8th Dist. 1974). The essential elements of a libel action are "falsity, defamation, publication, injury and fault." *National Medic Services Corp. v. E. W. Scripps Co.*, 61 Ohio App. 3d 752, 755 (1st Dist. 1989). *See also Bennett v. Cisco Sys.*, 63 F.App'x 202, 207 (6th Cir. 2003). "[F]alsity is an essential element to a libel action." *National Medic Services Corp.*, 61 Ohio App. 3d at 755. Therefore, if the imputation of a statement is "substantially true," an action for libel will not lie. *Id.*

Here, there is a genuine dispute of fact as to whether Deters's statements in his book regarding Breitenstein were true or false. The only statement that Breitenstein appears to assert is false is the statement that Lee Greiner "performed surgery for Becky Breitenstein for free." Doc. 32, ¶ 30. *See* Doc. 42, PageID 364–65. Breitenstein asserts that she in fact has "outstanding debts for the procedure exceeding Three Hundred Thousand ($300,000.00) Dollars." *Id.* at PageID 365. The record in this case, on the other hand, indicates that the facts regarding payment for the surgery are still contested. *See* Breitenstein Dep., Doc. 16-3, 10:12–11:1. Because there remains a genuine issue of fact as to the truth or falsity of Deters's statement in his book, Breitenstein is not entitled to summary judgment on her libel claim.

<u>Publication without Permission</u>

Breitenstein also seeks summary judgment on her separate tort claim for "publication without permission." Doc. 42, PageID 365. She acknowledges, however, that "there is no case law discussing publication without permission as an independent claim." Doc. 42, PageID 365. Sitting in diversity, the Court applies the tort law of the state of Ohio.[7] If Ohio

---

[7] The parties agree that the Court should apply Ohio law to Ms. Breitenstein's tort claims. *See* Docs. 16 and 42 (opposing motions for summary judgment, both applying Ohio law). This is appropriate, as Ohio

8

law is unclear on an issue, the Court is to make an "*Erie* guess" as to how the Ohio Supreme Court would decide that issue. *Rable v. Sompo Am. Ins. Co.*, 2025 U.S. App. LEXIS 20800, *7 (6th Cir. Aug. 13, 2025) (unpublished). *See Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). The general statements regarding publication and privacy offered by Breitenstein do not persuade the Court that, if confronted with this case, the Ohio Supreme Court would recognize a new tort of publication without permission. *See Vann v. City of Meridian*, No. 3:21-cv-305, 2022 U.S. Dist. LEXIS 147920, *13 (S.D. Miss. Aug. 18, 2022) (district court making *Erie* guess that state whose law was being applied would not "create th[e] new cause of action" proposed by plaintiff). As Breitenstein notes, "[n]umerous state and federal laws recognize and protect an individual's interest in ensuring that his or her medical information remains [confidential]." Doc. 42, PageID 366 (*quoting Hageman v. Sw. Gen. Health Ct.*, 119 Ohio St. 3d 185, 187 (2008)).[8] Thus, there are many existing paths to recovery for individuals harmed by disclosure of their medical information; Breitenstein has given the Court no reason to think the Ohio Supreme Court would recognize a *new* tort of publication without permission

---

possesses "the most significant relationship to the tort injury," which is the choice-of-law rule the Court must follow in this case. *See In re Bon Secours Mercy Health Data Breach Litig.*, 1:24-cv-594, 2025 U.S. Dist. LEXIS 126123, *20–*21 (S.D. Ohio July 2, 2025).

[8] This includes an Ohio tort that provides a cause of action for unauthorized disclosure by an attorney of medical information obtained during the course of litigation. *Hageman*, 119 Ohio St. 3d 185 (recognizing tort). Breitenstein did not bring a tort claim for unauthorized disclosure of medical information under *Hageman*, even though she cites the case in her motion for summary judgment. Doc. 42, PageID 366. It appears such a claim may not be viable regardless because *Hageman* involved disclosure by an attorney of an individual's medical records, 119 Ohio St. 3d at 187, rather than general medical information like what is at issue here.

applicable to this situation.⁹ For this reason, Ms. Breitenstein is not entitled to summary judgment on her tort claim for publication without permission.

### B. Motion to Compel

Also before the Court is Breitenstein's Motion to Compel Discovery (Doc. 52). She requests an order compelling Defendants to produce documents responsive to her document requests, served on Defendants on or about June 5, 2025. Doc. 52, PageID 512. Deters responds by indicating that he intends the comply with the discovery request, but he is having difficulty locating the requested documents. Deters writes: "The only issue is finding the documents. . . . I am looking for the documents. I hope to find them soon." Doc. 53, PageID 519. Thus, Deters has not objected to the substance of Breitenstein's document request.

Pursuant to Federal Rule of Civil Procedure 37(a), the Court may compel compliance with a proper request for the production of documents. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). The record shows that Breitenstein has complied with all requirements for an order compelling coop eration with discovery, including the requirement that she exhaust extrajudicial means of resolving the parties' differences, *see* S.D. Ohio Civ. R. 37.1, and the requirement that she certify that she conferred with opposing counsel prior to filing the motion. *See* Fed. R. Civ. P. 37(a)(1). Finally, the Court has reviewed the document requests and determined that these requests "are not patently improper." *See Fanty v. Greater Dayton Premier Mgmt.*, No. 3:23-cv-298, 2025 U.S. Dist. LEXIS 79104, *7 (S.D. Ohio Apr. 15, 2025)

---

⁹ The Court is skeptical that it would ever be appropriate for a district court, sitting in diversity, to recognize a new state-law tort. Where an issue of state law is "novel or unsettled," a district court may "request that a state's highest court provide the definitive state-law answer through certification." *Marinkovic v. Hazelwood*, No. 23-3591, 2025 U.S. App. LEXIS 5815, *8 (6th Cir. Mar. 12, 2025) (unpublished) (quoting *In re Nat'l Prescription Opiate Litig.*, 82 F.4th 455, 461 (6th Cir. 2023)). Accordingly, even in a diversity case, a state supreme court would nonetheless be the proper decisionmaker to recognize a new state-law tort.

(explaining that a court may review discovery request for relevance when evaluating a motion to compel, even if that motion is unopposed).

Based on the foregoing, the Court hereby directs Defendants to respond to Plaintiff's First Set of Requests for Production within **thirty (30) days** from the date of this Order or face sanctions being imposed.

### III.    CONCLUSION

For all the reasons stated herein, Plaintiff Breitenstein's Motion for Summary Judgment (Doc. 42) is **DENIED**, and her Motion to Compel (Doc. 52) is **GRANTED**.

**IT IS SO ORDERED.**

September 30, 2025

Jeffery P. Hopkins
United States District Judge